

# THE ATTORNEY GENERAL
## OF TEXAS

### AUSTIN 11, TEXAS

PRICE DANIEL
ATTORNEY GENERAL

June 1, 1949

Hon. William J. Murray, Jr., Chairman
Railroad Commission of Texas
Austin 11, Texas

Opinion No. V-836

Re: Where a tract of 65.65
acres is segregated out
of a 148.71 acre tract,
must the Commission con-
sider the original tract
to determine whether the
segregated tract is enti-
tled to another well as
an exception to Rule 37?

Dear Sir:

You have requested our opinion with respect to
the issuance of a permit as an exception to "Rule 37" on
the basis of certain facts submitted in your request.
For brevity, we summarize the facts as follows:

N. F. Powell has made application to
the Commission for a special permit to drill
a fifth well, as an exception to Rule 37, on
his 65.65 acre tract which contains 23.04 pro-
ductive acres. The Commission does not grant,
as an exception to the spacing rule, a second
or additional well, if, including the request-
ed well, the well density on the productive
acres will be less than five acres for each
one well. Under this formula of the Com-
mission a fifth well on the 23.04 productive
acres could not be granted. It is urged by
the applicant, however, that the Powell tract
of 65.65 acres is a subdivision of a larger
148.71 acre tract, and since there are only
sixteen wells on the entire 148.71 acre tract,
he is entitled to another well on the 65.65
acre tract under the doctrine of the Century

case.[1] The 65.65 acre tract was segregated from the 148.71 acre tract subsequent to the promulgation of the original spacing rule, and after the discovery of production.

The question presented is whether, under the above facts, the Commission is required to grant a permit authorizing the drilling of the fifth well on the Powell 65.65 acre tract under the doctrine of the Century case.

The question is answered in the negative.

On May 29, 1934, the Railroad Commission entered the following order:[2]

"IT IS ORDERED by the Railroad Commission of Texas, that in applying Rule 37

---

[1]
Railroad Commission v. Magnolia Petroleum Co.,130 Tex. 484, 109 S.W.2d 967 (1937), holding that where the entire tract, including the subdivided portion, is entitled to an additional well in order to protect the vested rights of the owners to recover their fair share of oil, a permit to drill a well on the segregated tract may be sustained. For a discussion of the "Century Doctrine", see 17 T.L.R. 382 (note 1939).

[2]
This order, commonly known as the "Rule of May 29," was entered to prevent a circumvention of Rule 37. See Sun Oil Co. v. Railroad Commission, 68 S.W.2d 609 (Tex. Civ. App. 1933), affirmed, 126 Tex. 269, 84 S.W.2d 693 (1935).

(spacing Rule) of statewide application
and in applying every special rule with
relation to spacing in every field in this
State no subdivision of property made sub-
sequent to the adoption of the original
spacing rule will be considered in deter-
mining whether or not any property is being
confiscated within the terms of such spac-
ing rule, and no subdivision of property
will be regarded in applying such spacing
rule or in determining the matter of con-
fiscation if such subdivision took place
subsequent to the promulgation and adop-
tion of the original spacing rule."

Under the "Rule of May 29" no subdivision of
property made subsequent to the adoption of the original
spacing rule will be considered in determining whether
or not any property is being confiscated within the terms
of such spacing rule, and the Commission cannot grant a
special permit for a well on a voluntary subdivided tract
on the basis of confiscation. Gulf Land Co. v. Atlantic
Petroleum Co., 134 Tex. 59, 131 S.W.2d 73 (1939). This
rule, however, is subject to the doctrine of the Century
case, and a special permit issued by the Commission on a
voluntarily subdivided tract may be upheld if the original
tract, as it was before the subdivision, is entitled to
another well to protect the landowner from drainage.

All of the cases applying the rule of the Century
case appear to be based on a finding of voluntary subdivi-
sion within the meaning of the Rule. Although we have been
unable to find a definite expression by the courts that the
doctrine of the Century case is applicable only where there
is a voluntary subdivision, we believe such is true, be-
cause if the tract is not a voluntary subdivision within the
"Rule of May 29," the Commission could, upon a proper find-
ing, grant a permit for a well on the segregated tract un-
der the confiscation exception to Rule 37. The question
arises only when the Commission cannot grant the exception
because of the application of the "Rule of May 29." 31A
Tex. Jur. 689, § 407.

It is therefore material to determine if the
segregation of the 65.65 acre Powell tract from the 148.71
acre Caddie Fisher tract is a voluntary subdivision within
the "Rule of May 29." Under the submitted facts, the Powell

tract was segregated subsequent to the date of the original spacing rule, and after the discovery of the production. Also, at the time of the subdivision the regular spacing pattern for the East Texas Field was 660'-330'.

The term "subdivision" as used in the "Rule of May 29" was construed by the Supreme Court in Gulf Land Co. v. Atlantic Refining Co?, supra, as follows:

". . . The Rule of May 29th, supra, uses the term 'subdivision' in defining tracts of land that have no protection from confiscation. The Commission has not seen fit to define such term and ordinarily it would not require a definition, because any tract of land segregated from a larger tract would constitute a subdivision. It is obvious that the term 'subdivision' as used in the order or rule under discussion, has no such general meaning. If such a meaning should be given the term, a partition or division of a 1,000 acre tract of land into two 500 acre tracts would constitute a subdivision of the land under the rule. Manifestly, such a construction of the rule would be absurd, because the two 500-acre tracts would come under its law against subdivision, while tracts of much smaller area which do not constitute subdivisions after the effective date of Rule 37 would not. As we construe the rule pertaining to 'subdivision' subsequent to the effective date of Rule 37, it means that where a tract of land is of such size and shape that it is necessary to obtain a permit as a special exception to the spacing provision of Rule 37 before a well can be drilled thereon, such a tract will be regarded as a subdivision within the meaning of the Rule of May 29th, supra, if it was subdivided out of a larger tract after Rule 37 became effective. Humble Oil & Refining Co. v. Railroad Commission (Tex. Civ. App., writ ref.), 94 S.W.2d 1197; Falvey v. Simms Oil Co. (Tex. Civ. App.), 92 S.W.2d 292."

The Powell tract of 65.65 acres is generally in a rectangular shape with an average width of 1389' and an average length of 1900', and is of sufficient size and shape that a well could have been drilled thereon without the necessity of a special exception to the spacing provisions of Rule 37. The 65.65 acre tract would, therefore, not be a voluntary subdivision within the "Rule of May 29th", and the doctrine of the Century case does not apply.

As to the particular facts of this case, however, two arguments might be urged to remove this case from the above rule:

1. That the 65.65 acre tract is an edge lease along the eastern side of the East Texas Field and the four previous wells now on the tract were all drilled as exceptions to the spacing rule; therefore, under the Gulf Land case definition, the 65.65 acre tract is a voluntary subdivision, since the special permits granted on the first four wells are presumed to be necessary.

In answer to this, we believe that the four prior wells were drilled as exceptions to Rule 37 in order that such wells could be drilled as near known production as possible, and not because of the size or shape of the segregated tract.

2. That the Gulf Land case definition is applicable only to productive acres (23.04 in the Powell tract), and if the productive acres are of such a size or shape that a special exception to the spacing provisions is required before a well could be drilled thereon, the tract is a voluntary subdivision within the "Rule of May 29th."

The above argument is not applicable to the facts of this case, and we render no opinion thereto, since the record reveals no facts which would lead us to believe that considering the Powell tract as a 23.04 acre tract, that it is "a tract of land . . . of such size and shape that it is necessary to obtain a permit as a special exception to the spacing regulation of Rule 37 before a well can be drilled thereon."

## SUMMARY

Under the facts stated, a 65.65 acre tract is not a voluntary subdivision within the Commission's Rule of May 29, 1934, and the Commission need not look to the original 148.71 acres, as it was prior to segregation, in determining whether another well should be granted on the 65.65 acres as an exception to Rule 37.

Yours very truly

ATTORNEY GENERAL OF TEXAS

By J. E. Weeks, Jr.
Assistant

JEW:bt

APPROVED

*Price Daniel*
ATTORNEY GENERAL